UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-20332-CR-MOORE/MCALILEY

UNITED STATES OF AMERICA

vs.

VICTOR ALFONSO MOSQUERA PEREZ,
    a/k/a "Negro,"

    **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and **VICTOR ALFONSO MOSQUERA PEREZ, a/k/a "Negro,"**(hereinafter referred to as the Adefendant@) enter into the following agreement:

1.    The defendant agrees to plead guilty to the Indictment, which charges the defendant with conspiracy distribute more than five (5) kilograms of cocaine, knowing that it was be unlawfully imported into the United States, in violation Title 21, United States Code, Section 963.

2.    The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter ASentencing Guidelines@). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is

further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines= advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court must impose a minimum mandatory term of imprisonment of ten (10) years and may impose up to the statutory maximum term of life imprisonment. Additionally, any term of imprisonment will be followed by a term of supervised release of at least five (5) years and up to life. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $10,000,000.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter AOffice@) reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant=s background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this

Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this sentencing recommendation if the defendant:

 a. fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;

 b. is found to have misrepresented facts to the government prior to entering this plea agreement; or

 c. commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

 a. <u>Amount of narcotics</u>: That the quantity of cocaine involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines, is more than 450 kilograms.

 b. <u>Role in the offense</u>: That the defendant should receive a three-level increase as a organizer, manager, and/or supervisor of criminal activity that involved five or more participants, pursuant to Section 3B1.1 of the Sentencing Guidelines.

c. <u>Specific Offense Characteristic</u>: Because the defendant unlawfully imported or exported a controlled substance under circumstances in which an aircraft other than a regularly scheduled commercial air carrier was used to import or export the controlled substance, the defendant should receive a two-level increase, pursuant to § 2D1.1(b)(3)(A).

8. <u>Adjusted Offense Level:</u> That the applicable adjusted offense level under all of the circumstances of the offense(s) committed by the defendant is Level 43.

9. <u>Total Offense Level</u>: That the applicable adjusted offense level under all of the circumstances of the offense committed by the defendant, and the defendant abides by all of the terms set forth in this plea agreement is Level 40.

10. The United States and the defendant agree that the defendant is not eligible for the safety-valve provision pursuant to Section 5C1.2 of the Sentencing Guidelines.

11. The defendant knowingly and voluntarily agrees to the entry of a forfeiture money judgment in the amount of $1,000,000 (US) (hereinafter, the "Forfeiture Money Judgment") as this sum is equal in value to the property constituting, or derived from, the proceeds he obtained, directly or indirectly, as the result of the violation to which he agrees to plead guilty herein.

12. The defendant knowingly and voluntarily agrees that he shall not oppose the United States in its motion for entry of an order of forfeiture memorializing the Forfeiture Money Judgment and setting forth the agreed upon terms for its satisfaction as provided herein.

13. The defendant knowingly and voluntarily agrees that he shall satisfy the full amount of the Forfeiture Money Judgment in accordance with the following schedule and method and manner of payments:

4

      a.      Schedule of Payments:

      (1)      The defendant shall deliver (or cause to be delivered) $1,000,000 (US) to the United States in full satisfaction of the Forfeiture Money Judgment no later than the date of her sentencing hearing in this cause, or at such time the funds are available.

      b.      Method and Manner of Payments:

      (1)      The annotation for the check will be given to opposing counsel after the entry of the forfeiture money judgment following the change of plea.

14. The defendant knowingly and voluntarily acknowledges that if he fails to make payment in satisfaction of the Forfeiture Money Judgment, as agreed upon herein, the United States may immediately exercise its legal right to satisfy the Forfeiture Money Judgment by seeking forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

15. The defendant knowingly and voluntarily agrees to waive the following rights with respect to the entry of the Forfeiture Money Judgment:

      a.      All constitutional, legal, and equitable defenses to such entry;

      b.      Any constitutional or statutory double jeopardy defense or claim regarding such entry; and

      c.      Any claim or defense to such entry brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine.

16. The defendant knowingly and voluntarily agrees and acknowledges that the satisfaction of the Forfeiture Money described herein shall not be treated as satisfaction (either partial or full) of any

assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the Forfeiture Money Judgment.

17. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

18. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant=s attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands

and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

19. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 2/5/16   By: _____
MICHAEL B. NADLER
ASSISTANT UNITED STATES ATTORNEY

Date: 2/5/16   By: _____
DAVID FERNANDEZ
ATTORNEY FOR DEFENDANT

Date: 2/5/16   By: _____
VICTOR ALFONSO MOSQUERA PEREZ
DEFENDANT